**Jose Guadalupe Maldonado GARCIA; Leticia Rangel Torres, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70360.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Jessica Dominguez, Esq., Marcy Miranda Janes, Esq., Law Office of Jessica Dominguez, Roxana V. Muro, Sherman Oaks, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Luis E. Perez, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Jason E. Carter, Esq., Office of International Affairs Crim Division, Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Jose Guadalupe Maldonado Garcia and Leticia Rangel Torres seek review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying their applications for cancellation of removal. We dismiss in part and grant in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

We lack jurisdiction to consider the petitioners' contention that the BIA improperly denied their motion to reopen based on ineffective assistance of counsel because petitioners failed to timely petition this court for review of that decision. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DISMISSED in part and GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.